# FILED

## OCT 2⁵ 2022

*1:22-cv-291*
*15 BI*
*Fee-Paid*
*#3*

**CLERK U.S. DISTRICT COURT**
**WEST. DIST. OF PENNSYLVANIA**

⊗AO 241
(Rev. 10/07)

Page 2

### PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
### HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: WESTERN |
|---|---|

| Name (under which you were convicted): Michael Roland Johnson | Docket or Case No.: 1370-2018 |
|---|---|

| Place of Confinement: SCI-MERCER | Prisoner No.: NS-8494 |
|---|---|

| Petitioner (include the name under which you were convicted) Michael Roland Johnson | Respondent (authorized person having custody of petitioner) v. Melinda Adams |
|---|---|

| The Attorney General of the State of Pennsylvania - Josh Shapiro |
|---|

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:
    Erie County Court of CP,
    140 West Sixth Street
    Erie, PA 16501

    (b) Criminal docket or case number (if you know): CP-25-CR-0001370-2018

2.  (a) Date of the judgment of conviction (if you know): 12-13-18

    (b) Date of sentencing: 02-04-2019

3.  Length of sentence: 42 to 84 months

4.  In this case, were you convicted on more than one count or of more than one crime?   ☑ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:
    18 6106 (A) F3, Firearms not to be carried w/o license
    18 907 B M1, Possession of a weapon
    18 2705 M2, Recklessly Endangering Another person

6.  (a) What was your plea? (Check one)

    ☑ (1)  Not guilty          ☐ (3)  Nolo contendere (no contest)

    ☐ (2)  Guilty              ☐ (4)  Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?  *N/A*

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury   ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☑ No

*DIRECT*

8.    Did you appeal from the judgment of conviction?

☐ Yes   ☑ No

9.    If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):   *N/A*

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

℅AO 241
(Rev. 10/07)

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?  ☒ Yes  ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: ERIE County Court of CP.

(2) Docket or case number (if you know): 1370 -2018

(3) Date of filing (if you know): 04-03-19

(4) Nature of the proceeding: Post Conviction Relief Act

(5) Grounds raised:

: Lack of Probable Cause to Issue Warrant For Arrest

: Ineffective Assistance of Counsel

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☒ No

(7) Result: DENied

(8) Date of result (if you know): 08-12-19

AO 241
(Rev. 10/07)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Erie County Court of CP.

(2) Docket or case number (if you know): 1370 - 2018

(3) Date of filing (if you know): 05-26-20

(4) Nature of the proceeding: Post Conviction Relief Act

(5) Grounds raised:

: Lack of Probable Cause to Issue Warrant For Arrest

: Ineffective Assistance of Counsel.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result: Denied

(8) Date of result (if you know): 08-05-20

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know): N|A

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

AO 241
(Rev. 10/07)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result:                            *N/A*

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:    ☐ Yes    ☒ No — *Appealed To Superior CT.*

(2) Second petition:   ☒ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

*N/A*

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts
supporting each ground.

<u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court
remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the
grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

GROUND ONE: *Counsel was Ineffective Under the Fifth And Sixth Amendment in Failing TO RAISE And*
*EFFEctively Litigate A Meritorous Fourth and Fourteenth Amendment Claim*
*TO Suppress Evidence*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*- SEE ATTACHED*

(b) If you did not exhaust your state remedies on Ground One, explain why:

*N/A*

AO 241 ·
(Rev. 10/07)

(c)    **Direct Appeal of Ground One:**

       (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes   ☒ No

       (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

       (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

       ☒ Yes   ☐ No

      ·(2) If your answer to Question (d)(1) is "Yes," state:

       Type of motion or petition: PCRA - 2x

       Name and location of the court where the motion or petition was filed:

          ERIE County C.P.

       Docket or case number (if you know): 1370-2018

                 PCRA #1       PCRA - #2

       Date of the court's decision: 08-12-19, 08-05-20

       Result (attach a copy of the court's opinion or order, if available):

         PCRA #1         PCRA #2

     - NOT available -    - ATTACHED -

       (3) Did you receive a hearing on your motion or petition?    ☒ Yes  ☐ No — PCRA #2

       (4) Did you appeal from the denial of your motion or petition?    ☒ Yes  ☐ No > PCRA - 2 #
                                                                 PCRA #1

       (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes  ☐ No

     ·(6) If your answer to Question (d)(4) is "Yes," state:

    . Name and location of the court where the appeal was filed:

      ~~Erie County CP.~~

      Superior Court Western District

      Docket or case number (if you know): PCRA #1        PCRA #2
                                                      919 WDA 2020

      Date of the court's decision: denied ⅹ

      Result (attach a copy of the court's opinion or order, if available):

         NOT available

      (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 10/07)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:    N/A

**GROUND TWO:** *Lack Of Probable Cause To Issue the Warrant For Petitioners Arrest*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

- SEE Attached / (Exhibits)

(b) If you did not exhaust your state remedies on Ground Two, explain why:

N/A

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes   ☒ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

*Erie County C.P.*

Docket or case number (if you know): *1370-2018*

Date of the court's decision:

*PCRA-#1  -08-12-19*

*PCRA-#2 -08-05-20*

Result (attach a copy of the court's opinion or order, if available):

— NOT available

(3) Did you receive a hearing on your motion or petition?  ☒ Yes  ☐ No — PCRA-#2

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No PCRA-#1
PCRA-#2

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Superior Court WESTERN District

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two    N/A

**GROUND THREE:** Improper OUT of Court and In-Court Identification

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

— SEE ATTACHED / C Exhibits)

AO 241
(Rev. 10/07)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

*N/A*

(c)    **Direct Appeal of Ground Three:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes   ☒ No

   (2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   ☒ Yes   ☐ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: *PCRA - 2x*

   Name and location of the court where the motion or petition was filed:
   *ERIE County C.P.*

   Docket or case number (if you know): *1370-2018*

   Date of the court's decision: *PCRA - #1 - 08-12-19, PCRA - #2 - 08-05-20*

   Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion or petition?    ☒ Yes   ☒ No  *- PCRA - #2*

   (4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No  *> PCRA - #2*
                                                                                *> PCRA - #1*

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

AO 241
(Rev. 10/07)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:    *N/A*

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*N/A*

(b) If you did not exhaust your state remedies on Ground Four, explain why:

*N/A*

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:    *N/A*

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:    *N/A*

Type of motion or petition:

AO 241
(Rev. 10/07)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):        N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                 ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?            ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:        N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:     N/A

AO 241
(Rev. 10/07)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?  ☑ Yes    ☐ No  *- PCRA - #2*

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so,

ground or grounds have not been presented, and state your reasons for not presenting them: *N O*

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?    ☐ Yes    ☑ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

raised.

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing: *Stephen J. Lagner, Esq.*
*509 Sassafras Street*
*ERIE, PA 16507*

(b) At arraignment and plea: *Stephen J. Lagner, Esq.*
*509 Sassafras Street*
*ERIE, PA 16507*

(c) At trial: *Stephen J. Lagner, Esq.*
*509 Sassafras Street*
*ERIE, PA 16507*

(d) At sentencing: *Stephen J. Lagner, Esq*
*509 Sassafras Street*
*ERIE, PA 16507*

(e) On appeal:
*N/A*

(f) In any post-conviction proceeding: *PCRA-#1*          *PCRA-#2*
*: William J. Hathaway PMB #261*    *Keith H. Clelland*
*1903 West 8th Street*              *Modern Tool Square*
*ERIE, PA 16505*                    *333 State, Suite 203*

(g) On appeal from any ruling against you in a post-conviction proceeding:
*PCRA-#1*
*: William J. Hathaway PMB #261*
*1903 West 8th Street*
*ERIE, PA 16505*

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?        ☐ Yes    ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

*N/A*

(b) Give the date the other sentence was imposed:    *N/A*

(c) Give the length of the other sentence:    *N/A*

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?        ☐ Yes    ☒ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

*N/A*

AO 241
(Rev. 10/07)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.  § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 10/07)                                                                      Page 16

(2)    The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *SEE : CONCLUSION ATTACHED*.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for
Writ of Habeas Corpus was placed in the prison mailing system on *October 18th 2022* (month, date, year).

Executed (signed) on *October 17th, 2022* (date).

*Michael Roland Johnson*
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

**GROUND ONE:**

## COUNSEL WAS INEFFECTIVE UNDER THE FOURTH, FIFTH AND FOURTEENTH AMENDMENT CLAIM TO SUPPRESS EVIDENCE

Where the challenge is Trial Counsel was Ineffective and abandoned his role in failing to conduct a meaningful investigation and present corroborating evidence for purposes of supporting the suppression motion, as well as during the course of trial, that petitioner never used any aliases including the aliases employed by the police in developing the petitioner as a suspect prompting the identification process by and through Johnathan Bliss picking petitioner out of an otherwise tainted and patently suggestive police line up.

**GROUND TWO:**


**LACK OF PROBABLE CAUSE TO ISSUE THE WARRANT FOR PETITONER'S ARREST**


Petitioner submits that, the following misstatement of a material fact was "Knowingly" and "Deliberately" included by the Affiant, Detective Sean Bogart #389 in the Affidavit of Probable Cause (Exhibit "A").


> " The intial report listed suspects name from patrons as
>
> Mic, Meeko and Mike  and name/ description was matched in
>
> RMS to Michael Johnson " *Id* at ¶ 1 (Exhibit "A")


Examining the Erie Police Department ( "EPD") records, provided to petitioner through discovery, (Exhibit "B") the "Arrest Warrant Infromation" sheet  ( "AWI "), and the "Booking Sheet",- (Exhibit "C") and ( Exhibit "D"), the "Criminal Complaint", completed by Affiant, Detective Sean Bogart #389 in conjunction to (Exhibit "E"), petitioner's "Criminal Docket Sheet" pointedly, the descrepancy by the preponderance of evidence "**NO MATCH**" through either of the names or aliases indicated in the affidavit had been associated to the petitioner, SEE; "B", "C", "D", and "E" at sections titled "Alias" / or A.K.A.


At very minimal, (Exhibit "B"), -The AWI sheet- and (Exhibit "C") -EPD's Booking Sheet- should have indicated the such in contrast to their closest relations to EPD Records Database System.

Where a petitioner makes a substantial preliminary showing that a false statement "Knowingly" and "Intentionally" or with reckless disregard for the truth, was included by the Affiant in the warrant affidavit, and if the allegedly false statement is neccessary to finding probable cause.

The petitioner is entitled under the Fourth and Fourteenth Amendments to a hearing to attack the four corners of the Affidavit, *Franks v. Delaware, 438 U.S. 154 (1978)* and after a hearing is held and it is established by a preponderance of the evidence that the false statement was included in the affidavit, then the warrant must be voided and the fruits of the warrant excluded from the trial to the same extent as if probable cause was lacking on the face of the affidavit.

This rule otherwise would prevent police in every case to exaggerate or expand on the facts given to the Magistrate merely for the purpose of meeting the probable cause requirement, thus precluding a detached and objective determination.

## FACTS

The fact is, by eliminating that RMS search of the aliases/names indicated in the Affidavit from the Affidavit, that resulted in the production of the petitioner's name, would also result in the elimination of the "Out-of-Court " photo array that the Commonwealth's witness Johnathan Bliss, used to make a positive identification -pointed out- of the petitioner, SEE; (Exhibit "A") at ¶ 3 and ultimately, removing the petitioner from the Affidavit and any existence of probable cause to arrest the petitioner for the crime.

The police secured a warrant to arrest petitioner, the warrant was issued solely on the basis of information supplied to the magistrate in the form of an affidavit. SEE; (Exhibit "A") ¶ 1 the RMS search which resulted in petitioner's picture being introduced in the form of a photo array and petitioner being picked as the suspect. SEE; (Exhibit "A") ¶ 3, which caused an arrest warrant to issue.

(Continued)

Where an illegal arrest results in an out -of-court confrontation the resulting identification is suppressible as the fruit of the illegal arrest, *Wong Sun v. United States, 371 U.S. 471 (1963).*

It is clear from the matter of record that the affidavit filed with the Magistrate which caused the arrest warrant to issue was incorrect and misleading when it stated, petitioner has been identified through the RMS Police Database, the police who supplied the information knew it was not in accord with the then exsisting facts.

The evident conclusion is that police sought to bootstrap their foundation for the photo array upon this false or premise of a nickname or alias search within the RMS system without any reference to how this information had been elicited.

The efficacy of this process is suspect at best and fraudulent at worst, and cleary shows malicious prosecution in seeking in identification foundation of a RMS search allegedly matching to the petitioner without any factual record documentation or support of witness corroboration and the police supposition that it was the petitioner involved in the episode. SEE; (Exhibit "A") at ¶ 2.

**GROUND THREE:**

## IMPROPER "OUT of COURT " and IN- COURT IDENTIFICATION

Petitioner submits that based upon the totality of the circumstances, circumscribing the identification evidence subjudice the Commonwealth would be unable to establish, through clear and convincing evidence, an Independant basis for identifying, the petitioner as the suspect in the video surviellance footage, which would have hindered the Commonwealth's case.

Where the illegality of the pre-trial identification is established, both Federal & Commonwealth cases " require "the Commonwealth to demonstrate the independant of any In-court-Id, not beyond a reasonable doubt, but by clear and convincing evidence. *Gilbert v. California, 388 U.S.- 263 (1967)*

The test in this Commonwealth for determining whether a in-court-Id is independant is a criteria of five factors. *Niel v. Biggers, 409 U.S. 188 (1972)*

Johnathan Bliss averred, SEE; (Exhibit "F"), (S.H.T. ,09/27/18) at page 33. lines 1-15. " To never seeing anyone discharge a firearm " and lines 7-15, " His degree of attention was on a fight of three people which lead to another.

Johnathan Bliss also admittedly said, SEE; (Exhibit "A") at ¶ 3, "That he carded petitioner and was the same person who shot into the ceiling, the decrepancy testimony offered by Bliss at the Suppression Hearing, 09/27/18, SEE; (Exhibit "F") , (S.H.T. , 09/27/18) at page 41. lines 19-25 & page 42. lines 1-4. " To never carding the petitioner "

It was well established at the ( S.H.T. , 09/27/18), (Exhibit "F") at page 17. During the testimony of Detective Sean Bogart #389, that Johnathan Bliss never gave a written " statement " indicating, he knew petitioner by prior knowledge of petitioner's appearance or by name. Johnathan Bliss never gave a prior description of the alleged suspect before the photographic procedure took place, nor is was there any kind of "audio" or "video" recording documented.

(Continued)

Bliss's entire identification is of the name "Miz" he asserts that the petitioner was in the bar and not the actual shooter. SEE; (Exhibit "F"), ( S.H.T. , 09/27/18) at pages, 51. & 52.

Based upon Johnathan Blisses prior limited interactions and observations of the petitioner within the bar , Bliss could not identify the petitioner by name, but generally knew of him by the nickname of "Miz". SEE; (Exhibit "F"), (S.H.T. , 09/27/18) at page 37. lines 17-25. Bliss had never apprised the police of his affilating the shooter with the nickname "Miz", SEE; (Exhibit "F"), ( S.H.T. , 09/27/18) at page 51. lines 13-22. Furthermore, Bliss never apprised the police of any possible connections of the shooter with the nicknames or aliases of Mic,Meeko or Mike. SEE; (Exhibit "F"), (S.H.T. , 09/27/18) at page 41. lines 8-18.

The RMS search was conducted by the police shortly after the incident using serveral names cited to them through some " **Unidentified Witnesses** " [ who were never present at trial or used to offer any testimony other than Johnathan Bliss, their only witness ] who again never furnished any of these names to police. Hence the Bliss testimony was the linchpin and source of the photographic array, and was wholly compromised by the tainted initial identification process and the initial inclusion of the petitioner as a person of interest or suspect.

Based upon this testimony, it is querulous as to what foundation the police initially had for employing the nicknames or aliases of Mic, Meeko or Mike. The names were relevant to the case relative to seeking the identification of the shooter. Further, the one nickname that Bliss did associate with the petitioner "Miz" was never alleged or brought forward until a year later at the Suppression hearing, 09/27/18, nor was it used in advance of the RMS search, therefore could not be used by the police in the identification process.

The Commonwealth argues that the use of the aliases and names was extraneous to the case, the patent discrepancy should offer context and substantiation of the instant claim challenging the fundamental efficacy of the identification process and thus the admissibility of the testimony of Johnathan Bliss at trial, which without said testimony the Commonwealth lacked any basis for the conviction.

The petitioner is not seeking to directly call for the setting aside of the suppression court adjudication, but rather stating that the suppression court's adjudication was lacking salient relevant facts and therefore was not a fully informed decision attributable to the Ineffective Assistance of Counsel.

(Continued)

Outsetting with the identification procedure saliently outlined in the Affidavit of Probable Cause, and the suspect nature of the identification process as displayed in the suppression record before Judge Bozza and the absence of any credible proof that petitioner could properly be identified through the reference to this series of aliases or nicknames served to taint and call into question the entire identification process.

It is transparently evident that, the identification procedure utilized to implicate the petitioner was impermissably and unduly suggestive and consisted of police misconduct in contrast to : (a) The Affiant knowingly and deliberately including a misstatement of material fact that, not just resulted in the production of petitioner's name, however the introduction of petitioners photo included in the " out of court " photo lineup/ array presented to Johnathan Bliss; That (b)-Without which make it impossible for Johnathan Bliss to identify, the petitioner as the suspect in the video surviellance taken from the bar that night when secondly, the Commonwealth's star witness, Johnathan Bliss could not identify the accused suspect from the " only " other evidence the Commonwealth possessed in, its case. **THE VIDEO SURVIELLANCE FOOTAGE OF THE INCIDENT**

Petitioner submits, Defense Trial Counsel's Ineffectiveness performance that highly prejudiced the petitioner, his failure to raise and litigate on the record, a Fourth & Fourteenth Amendment claim, as part of his strategy during petitioner's pre-trial phase, issues he now preseak via Federal Habeas Corpus Relief the efficacy of the identification procees employed by the police and raises that the process was abetted by the ineffective assistance of counsel , and counsel never duly examined the suppression witness Detective Sean Bogart #389, as to the source of the names used in the RMS search there police database was elicted to be the petitioner.

There exist a fair probability that excision of the petitioner from the Arrest Warrant's Affidavit, -as the suspect in the case - along with the suppression of the highly suggestive, unduly and improper out-of-court photo lineup identification, indicated in the Arrest Warrant Affidavit would have ensued, subsequently, resulting in the termination of the Commonwealth's case.

**CONCLUSION**

Wherefore, I Michael Roland Johnson respectfully request this Honorable Court to acknowledge my Constitutional Rights of the Fourth, Fifth and Fourteenth Amendment rights were violated and this court find that did occur and excercise it's jurisdiction and issue a Writ of Habeas Corpus Relief to have I, the petitioner brought before it to end that I may be discharged from my unconstitutional confinement and restraint and in, any event a Franks hearing is neccessary I ask to be provided Appointed counsel to acticulate my claim.

Respectfully submitted,

*Michael Roland John*

Pro se , Michael Roland Johnson
801 butler Pike
Mercer, Pa 16137

## CERTIFCATE OF SERVICE

The undersigned herby certifies, under Pa.R. A.P 121, that he is this _17ᵗʰ_ day of October, 2022 serving the foregoing documents upon the persons and in the manner indicated below:

Erie Divison
17 South Park Row
Room A-150
Erie, Pa 16501
( Via Certified Mail )

SuperIntendent Melinda Adams
SCI-Mercer
801 Butler Pike
Mercer, Pa 16137
( Forward CC: )

Michael Roland Johnson
SCI-Mercer
801 Butler Pike
Mercer, Pa 16137

(Forward CC: )

Respectfully submitted,

*Michael Roland Johnson*

Pro se, Michael Roland Johnson
# NS-8494
801 Butler Pike
Mercer, Pa 16137