IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ROLAND JOHNSON, | ) |
| Petitioner | ) Case No. 1:22-cv-291 |
| v. | ) |
| | ) RICHARD A. LANZILLO |
| MELINDA ADAMS, JOSHUA SHAPIRO, *Attorney General of the State of Pennsylvania*, DISTRICT ATTORNEY OF ERIE COUNTY, | ) Chief United States Magistrate Judge |
| | ) MEMORANDUM AND SHOW CAUSE ORDER ON PETITION FOR WRIT OF |
| Respondents | ) HABEAS CORPUS (ECF No. 1) |

MEMORANDUM AND SHOW CAUSE ORDER

Before the Court is a petition for a writ of habeas corpus filed by Petitioner Michael Roland Johnson.[1] At the time he initiated this litigation, Petitioner was incarcerated at the State Correctional Institution at Mercer, serving a sentence of imprisonment imposed by the Court of Common Pleas of Erie County, Pennsylvania. He has since been released.[2]

It appears to the Court that Petitioner's claims are subject to dismissal as untimely pursuant to the limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d). However, in its Answer, the Erie County District Attorney's

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge.

[2] Under § 2254, a habeas petitioner must, at the time of filing, be in custody for the conviction he is attacking. A petitioner is considered to be in custody when he or she is "subject both to 'significant restraints on liberty . . . which were not shared by the public generally,' along with 'some type of continuing governmental supervision.'" *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003) (citations omitted). Because Petitioner appears to be on probation, he is in custody for purposes of this petition. *See Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) (holding that "being on probation meets the 'in custody' requirement for purposes of the habeas statute.")

1

Office concluded that the instant petition was filed within the applicable limitations period. ECF No. 4 at 3.

The Court is not bound by counsel's computation error and may raise the issue *sua sponte* as long as the petitioner is given fair notice and an opportunity to respond and is not prejudiced. *Day v. McDonough*, 547 U.S. 198, 205-10 (2006); *United States v. Bendolph*, 409 F.3d 155, 161-70 (3d Cir. 2005) (en banc). *See also Wood v. Milyard*, 132 S.Ct. 1826, 1834 (2012). This Memorandum provides Petitioner with the required notice. Pursuant to the attached order, both parties are provided with the opportunity to set forth their positions regarding the statute of limitations. Petitioner in particular must show cause why his claims should not be dismissed for failure to meet the statutory deadline.

A review of the record and the criminal docket sheet for Petitioner's underlying convictions in *Commonwealth v. Johnson*, No. CP-25-CR-0001370-2018 (Erie Cnty. Com. Pl.), discloses the following relevant facts. Following a jury trial, Petitioner was convicted of recklessly endangering another person, firearms not to be carried without a license, and possessing instruments of crime. On February 4, 2019, he was sentenced to an aggregate sentence of 42 to 84 months' imprisonment, followed by 3 years' probation. He filed post-sentence motions, which were denied on February 26, 2019. He did not file a direct appeal from the judgment of sentence.

On April 3, 2019, Petitioner filed a petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541 et seq. That petition was denied. The Superior Court of Pennsylvania affirmed the denial of the PCRA petition on May 1, 2020. *Commonwealth v. Johnson*, 237 A.3d 428 (Pa. Super. 2020) (unpublished memorandum); ECF No. 4-3.

Petitioner filed a second PCRA petition on May 26, 2020. Following an evidentiary hearing, the PCRA court denied the petition. The Superior Court affirmed the denial on April 13,

2021. *Commonwealth v. Johnson*, 237 A.3d 428 (Pa. Super. 2020) (unpublished memorandum); ECF No. 4-6. The Supreme Court of Pennsylvania denied Petitioner's petitioner for allowance of appeal on October 18, 2021. *Commonwealth v. Johnson*, 265 A.3d 195 (Pa. 2021).

Petitioner commenced this litigation by serving the instant petition for a writ of habeas corpus on October 17, 2022. ECF No. 1 at 24. In the petition, he raises three pretrial- and trial-related claims.

The date on which AEDPA's limitations period commences is determined on a claim-by-claim basis. *Fielder v. Varner*, 379 F.3d 113, 118-22 (3d Cir. 2004). A state prisoner generally must file his federal habeas claims within one year of the date his judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A).

AEDPA also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance' .... In other words, until the application has achieved final resolution through the State's post-conviction procedures[.]" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

Here, Petitioner's judgment of sentence became final on or March 28, 2019, at the expiration of time for seeking review thereof in the Superior Court of Pennsylvania. *See* Pa.R.Crim.P. 720(A)(2)(b) (notice of appeal shall be filed without 30 days of order deciding post-sentence motion); ECF No. 4-6 at 8.

Petitioner filed his PCRA petition 6 days later, on April 3, 2019. The PCRA proceedings statutorily tolled AEDPA's limitations period from that date until June 1, 2020, when the time

expired for Petitioner to seek review of the Superior Court's May 1, 2020, decision affirming the PCRA court's order of dismissal. *See Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000) (holding that the AEDPA limitations period tolls "during the time a prisoner has to seek review of the Pennsylvania Superior Court's decision whether or not review is actually sought."); Pa.R.A.P. 903(a).

However, Petitioner filed a second PCRA petition on May 26, 2020. As the Superior Court noted, this petition was facially untimely. ECF No. 4-6 at 8. An untimely petition is not "properly filed" for § 2244(d)(2) purposes and therefore does not toll AEDPA's statute of limitations. *Satterfield v. Johnson*, 434 F.3d 185, 192 (3d Cir. 2006). The Superior Court stopped short of definitively finding the petition to be untimely, though, and addressed the merits of the appeal. *Id.* at 9 ("[E]ven assuming that Appellant's PCRA petition was timely, we conclude that the PCRA court did not err in denying relief.") The PCRA court also addressed the merits of the petition. For these reasons, and because the outcome of the timeliness analysis is ultimately not affected, this Court will consider this petition to have been properly filed. Thus, the AEDPA limitations period was tolled until October 18, 2021, when the Supreme Court of Pennsylvania denied Petitioner's petitioner for allowance of appeal with regard to the second PCRA petition. *Lawrence v. Florida*, 549 U.S. 327, 331-36 (2007) (a petitioner is not entitled to statutory tolling for the period available to petition for writ of certiorari to the United States Supreme Court following state collateral review); *Swartz v. Meyers*, 204 F.3d 417, 419-20 (3d Cir. 2000) (same).

When the limitations period began to run again on October 19, 2021, Petitioner had 359 (365-6) days remaining in which to timely file claims in a habeas petition. Petitioner commenced this litigation by serving the instant petition for a writ of habeas corpus on October 17, 2022, 363 days later. Accordingly, the claims in this petition are untimely by 4 days.

For the foregoing reasons, it appears to the Court that all of Petitioner's claims are untimely. Unless he can demonstrate in his response to the Court's show cause order that AEDPA's limitation period commenced for any of his claims on a date set forth in § 2244(d)(1)(B)-(D) and/or that equitable tolling[3] applies during the relevant time period, this Court will dismiss the claims.

An appropriate Order follows.

## ORDER

AND NOW, this 7th day of January, 2025, IT IS HEREBY ORDERED that on, or before February 18, 2025, Petitioner Michael Roland Johnson may file a response to this Court's Memorandum and show cause why his claims should not be dismissed for failure to file them within the one-year limitations period. On or before that same date, Respondents may submit a response setting forth their position.

RICHARD A. LANZILLO
Chief United States Magistrate Judge

---

[3] The United States Supreme Court has held that AEDPA's statute-of-limitation period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 2562. *See also United States v. Thomas*, 2013 WL 1442489, *7-8 (3d Cir. Apr. 10, 2013); *Ross v. Varano*, 2013 WL 1363525, *9-11 (3d Cir. Apr. 5, 2013); *Munchinski v. Wilson*, 694 F.3d 308, 329-32 (3d Cir. 2012).